IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SCHYLER L. ECHOLS, #298 676, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE. 2:22-CV-37-WHA-SRW |
| | ) | [WO] |
| MRS. MONCRIEF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Proceeding *pro se*, Plaintiff Schyler Echols, an inmate incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama, filed this 42 U.S.C. § 1983 Complaint on January 20, 2022, against Mrs. Moncrief, Warden Calloway, and Captain Thomas. He alleges a violation of his constitutional rights stemming from a delay in the receipt of and the opening of his legal mail outside his presence. Doc. 1 at 2–3. Plaintiff requests that "Kilby . . . handle legal mail appropriately whether by force or by choice." Doc. 1 at 4.

Upon review, the Court concludes dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

### **I.      STANDARD OF REVIEW**

Because the Court granted Echols leave to proceed in forma pauperis (*see* Doc. 7), his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). A claim is frivolous if it "lacks and arguable basis either in law or fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when the defendant is immune from suit, the claim seeks to enforce a right that clearly does not exist, or an affirmative defense, such as the statute of limitations, would defeat the claim. *Id*. at 327; *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The Court may also dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B), or any portion of the complaint (*see* 28 U.S.C. § 1915A(b)), for failure to state a claim upon which relief may be granted. To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In analyzing § 1915 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

2

## II. DISCUSSION

Echols complains that Defendants delayed giving him legal mail. Specifically, he maintains that on September 16, 2021, Defendant Moncrief refused to give him his legal mail after holding it for five days. Echols also contends that the legal mail he attempted to retrieve from Defendant Moncrief on September 16, 2021 had been opened outside his presence. Doc. 1 at 2–3. The allegations in the complaint do not provide the identity of the sender of the September 16, 2021 mail.

A First Amendment claim for interference with incoming or outgoing mail may be actionable under some circumstances, as "the right to send and receive mail exists under the First Amendment." *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008). However, the isolated incident about which Echols complains is insufficient to state a constitutional claim against Defendants. This is because Echols' allegation that, on one occasion, Defendants delayed delivery of and opened his legal mail outside his presence fails to state a claim for relief. A single mistake or occasional incident of mishandling of mail, legal or non-legal, without more, is insufficient to state a claim under § 1983. *See Davis v. Goord*, 320 F.3d 346, 351(2d Cir. 2003) (finding allegation of two incidents of mail interference did not warrant relief where plaintiff failed to allege invidious intent or actual harm); *Florence v. Booker*, 23 Fed. Appx. 970, 972–973 (10th Cir. 2001) (finding that "single incident in which prison officials allegedly improperly opened legal mail" did not justify relief where plaintiff failed to "show either an improper motivation by defendants or denial of access to the courts"); *Berger v. White*, 12 Fed. App'x. 768, 771 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)) (finding that "isolated incidents of opening constitutionally protected legal mail, 'without any evidence of improper motive or

3

resulting interference with [plaintiff's] right to counsel or to access to the courts,' do not support a civil rights claim."); *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (finding isolated incident of inadvertent opening of inmate's incoming legal mail, without evidence of improper motive or resulting interference with inmate's right to counsel or access to courts, does not rise to level of constitutional violation); *O'Connor v. Carnahan*, 2014 WL 293457, *6 (N.D. Fla. 2014) (finding that "[a]n isolated incident of interference with a prisoner's mail generally is insufficient to establish a constitutional violation.").

Here, Echols fails to allege that Defendants' conduct resulted from improper motivation. Echols also does not allege that he suffered any actual injury as a result of Defendants' conduct in relation to the delivery and receipt of his mail. And Echols' complaint is devoid of any allegation that any Defendants' alleged interference with his mail impeded or interfered with his ability to access the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that a prisoner who contends he was deprived of access to the courts must show actual prejudice or harm as a "constitutional prerequisite"); *Hoever v. Belleis,* 911 (11th Cir. 2017) (finding inmate's challenge to correctional officer's conduct in inventorying and storing his personal and legal mail did not establish an access to courts claim); *Lewis v. Cook County Bd. of Commr's*, 6 Fed. App'x. 428, 430 (7th Cir. 2001) (finding inmate's denial of access to courts claim insufficient because he did "not describe a single legal case or claim that was in any way thwarted because the mail room staff opened his legal mail."); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989); *accord Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). To the extent that Echols' allegations reflect a speculative belief that Defendants deliberately delayed delivery of and opened his mail outside his presence on the occasion in question, such claim also entitles

4

him to no relief. Jurisdiction cannot be premised upon mere speculation. *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985).

At best, the matter about which Echols complains reflects an isolated incident of mail mishandling, which is insufficient to establish a constitutional violation. Absent any allegation of improper motivation, actual injury, or interference with his right to counsel or right of access to the courts relating to or resulting from the conduct about which Echols complains, the Court concludes that he is not entitled to the relief he seeks.

Based on the foregoing, the Court finds that the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted. *See Hoever,* 703 Fed. App'x at 911; *White*, 886 F.2d at 723; *Lewis*, 518 U.S. at 351; *see also Parratt v. Taylor*, 451 U.S. 527 (1981).

## III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this Complaint be DISMISSED without prejudice and prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is ORDERED that **by April 26, 2022**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right

to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, on this the 29th day of March, 2022.

                                                /s/ Susan Russ Walker
                                                Susan Russ Walker
                                                United States Magistrate Judge